1
2
3
4
5
6                        IN THE UNITED STATES DISTRICT COURT
7                            FOR THE DISTRICT OF ARIZONA
8
9   Jane Doe,                              )     No. CV 12-734-TUC-JAS
                                           )
10              Plaintiff,                  )     **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    United States of America,             )
13                                         )
                Defendant.                 )
14                                         )
                                           )
15  _____      )

16  **<u>Communication with the Court</u>**

17      To avoid the appearance of impropriety by the Court or the parties and to preserve a

18  proper record in the event of any appeal, all communication with the Court shall occur via

19  a written motion filed into the official docket.  The parties shall not contact the Court's staff

20  (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or

21  express concerns regarding cases pending before the Court, and the Court has directed its

22  staff not to entertain any such informal communication.  While the parties may give the

23  Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-

24  minute stipulation to adjust deadlines, all other communication with the Court shall occur via

25  a written motion.  For example, if there is a discovery dispute, the parties shall not contact

26  the Court telephonically to resolve the dispute; the parties' shall file a motion in compliance

27  with the Local Rules if they are unable to resolve the dispute.

28

**Dispositive Motions**

A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments.  The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11 pages.   See LRCiv 7.2(e).  Parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case.  While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues.  The parties should raise all of their arguments for dismissal in one motion to dismiss as early as possible in the case, and raise all of their arguments for dismissal in one motion for summary judgment after discovery has closed.  The Court views the filing of such multiple motions as an attempt to subvert the Local Civil Rules establishing page limits which encourage the parties to be concise in their arguments; if necessary, the parties may seek leave to exceed page limits to include all of their arguments in one motion to dismiss or one motion for summary judgment.  Furthermore, filing successive motions to dismiss or motions for summary judgment after the Court has already resolved such a motion is extremely inefficient and often causes long and unnecessary delays as a case is essentially halted during the period between the filing of a dispositive motion and the Court's ultimate ruling on a dispositive motion after it has been fully briefed.  If a party files a successive motion to dismiss or motion for summary judgment after such a motion has been resolved by the Court, the successive motion to dismiss or motion for summary judgment will likely be summarily denied as a motion for reconsideration.  The Court also notes that if a party files an early summary judgment motion before discovery has closed, the Court will likely grant an opposing party's request to complete necessary discovery to properly oppose the motion; in such circumstances, the early motion for summary judgment would be denied without prejudice pending completion of necessary discovery.  In light of the foregoing, the parties should strive to include all of their arguments in one motion to dismiss early in the case and

1   one motion for summary judgment upon the close of discovery.

2   **Proposed Orders, Paper Copies, Exhibits, Authority Binders, and Emailing Documents**

3       The parties must file a proposed order with any motion or stipulation filed with the Court

4   and such documents must comply with the applicable  requirements in the local rules.  *See*,

5   *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures

6   Manual in the United States District Court for the District of Arizona ("Manual").   All

7   proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in either

8   Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing

9   procedures in detail).  In addition, if a motion is opposed, the opposing party shall file and

10  email to chambers a proposed order denying the motion.  To the extent the parties file any

11  motions, responses, or replies as to substantive matters (such as motions for: injunctive relief,

12  to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word

13  or Word Perfect copies of the motions, responses, or replies to chambers.  Lastly, the parties

14  shall also email Word or Word Perfect copies of any separate statement of facts in support

15  of, or in opposition to, summary judgment or other dispositive motions.

16      Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv

17  5.4); any motion, pleading, or other document which is submitted with more than one exhibit

18  must be accompanied by a Table of Contents and the exhibits must be indexed with tabs

19  which correspond to the Table of Contents. Anytime a party files a motion, response, reply,

20  or other brief with the Court, the party must mail the Court paper copies of all authority cited

21  in the brief which shall be included in a binder with a table of contents and exhibit tags

22  corresponding to the authority cited.  Such authority includes, but is not limited to, case law,

23  rules, statutes, regulations, and treatises.   To the extent case law, rules, statutes, or

24  regulations are cited, the entire case, rule, statute or regulation shall be included in the binder.

25  The case law shall be organized in alphabetical order.  To the extent treatises are cited, only

26  the section(s) relied upon shall be included in the binder.  As to all of the  authority cited

27  which must be included in the binder, the parties shall also tag (with a post-it) the specific

28  page(s)  cited in their briefs and highlight (by circling with a pen or using a highlighter) the

portion of the case, rule, statute, regulation, or treatise that supports the citations of authority relied upon in their briefs.  Within seven days after a document is filed, the parties shall provide the Court with paper copies in strict compliance with this Order and file a notice that they have strictly complied with the requirements in this Order; failure to timely file this required notice will be viewed as a party's admission that they have failed to comply with this Court's Order.[1]  If an emergency motion is filed (including, but not limited to, a motion for a temporary restraining order, preliminary injunction, emergency stay, or other motion that warrants expedited action) that requires more immediate attention from the Court, the parties shall provide the required paper copies no later than one business day (or sooner if possible) after the motion, response or reply is filed pertaining to any emergency motion.  If a party fails to submit the required authority binder and other paper copies required by this Order[2], the Court may summarily deny or grant a motion as applicable to the party that failed to comply with this Order, and the Court may dismiss the case with prejudice or enter a default judgment as to the non-complying party.[3]

**The Joint Proposed Pretrial Order and Motions in Limine**

If dispositive motions are filed, the proposed Joint Pretrial Order shall be filed thirty (30) days from the filing date of the Court order issuing a non-dispositive[4] decision on said

---

[1]The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

[2]On rare occasions, the Court may find it necessary to issue an Order before the deadline to the submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

[3]As to pro se parties, the Court notes that the full text of most legal authority is available via numerous internet sites, including Google Scholar (http://scholar.google.com/), which is available to the public and completely free.  In addition, most legal authority can be found  and copied for a limited charge in various libraries located in most cities such as the law libraries located at the University of Arizona College of Law and the various courthouses in Pima County.  Legal authority can also be found and printed out for a limited charge at sites such as westlaw.com and lexis.com.

[4]If a non-dispositive decision is issued, any party may file a motion seeking to stay the remaining deadlines in the case pending a settlement conference.  In addition, the Court notes that

1   motion(s). It is the responsibility of Plaintiff's counsel to initiate the communication
2   necessary to prepare this joint filing. Motions in limine (which includes *Daubert*/Rule 702
3   motions) shall be filed no later than fourteen (14) days after the filing of the proposed Joint
4   Pretrial Order.  Responses to motions in limine are due fourteen (14) days after the filing of
5   the motions in limine.  Unless otherwise ordered by the Court, no replies are permitted and
6   motions in limine and responses thereto shall not exceed five (5) pages.  Typically, after the
7   Court has issued an Order addressing motions in limine, the Court will then issue Orders
8   pertaining to dates for the trial, pretrial conference, and the filing of proposed jury
9   instructions, voir dire and verdict forms.

10  **Pending Discovery Dispute and Possible Mediation**

11      A review of the record reflects that there is a pending discovery dispute.  *See* Docs. 112,
12  113, 119, 126, 127.  The record also reflects that the parties may attend a mediation in
13  August of 2014.  *See* Doc. 128 at 2, lines 10-11.  By no later than 8/8/14, the parties shall
14  comply with this Order as to the pending discovery dispute (Docs. 112, 113, 119, 126, 127).
15  However, if the parties have scheduled a mediation, the parties need not comply with this
16  Order by 8/8/14; rather, by 8/8/14, the parties shall file a notice with the Court reflecting the
17  date scheduled for the mediation.  To avoid expending unnecessary resources of both the
18  Court and the parties, the deadlines in this case are stayed pending either the Court's ruling
19  on the discovery dispute at issue or the conclusion of the mediation referenced by the parties.
20  If the parties settle, the stay will be moot and the parties shall file a stipulation of dismissal
21  within 30 days of settlement.  Otherwise, the stay shall be considered automatically lifted
22  once the Court has ruled on the discovery dispute; within 7 days of the Court's ruling, the
23  parties shall submit a stipulation and proposed order as to the remaining deadlines in the
24  case.  If the parties have scheduled a mediation and it is unsuccessful, they shall file a notice
25  with the Court to that effect within 7 days of the conclusion of the mediation.  Furthermore,
26  if the mediation is unsuccessful, the parties shall comply with this Order as to the discovery

27  _____

28  it can set up a settlement conference with a Magistrate Judge at no cost to the parties.

1    dispute (Docs. 112, 113, 119, 126, 127) within 7 days of the conclusion of the mediation.

2    The parties shall comply with this Order as to all future filings.

3

4        DATED this 30th day of July, 2014.

5

6

7    _____

8                    James A. Soto
                United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28